UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DOE,<br>　　　Plaintiff | : | |
| | : | |
| vs. | : | CIVIL NO. 1:12-CV-2068 |
| | : | |
| THE PENNSYLVANIA STATE<br>UNIVERSITY, *et al.*,<br>　　　Defendants | : | |

*M E M O R A N D U M*

*I.　　Introduction*

On October 15, 2013, Plaintiff filed the instant action, alleging that Defendants, Pennsylvania State University ("PSU"), Second Mile, Edgewater Psychiatric Center, Gerald Sandusky, Graham Spanier, Timothy Curley, Gary Schultz, Wendell Courtney, and The Law Firm of McQuaide Blasko, violated his First, Fourth, and Fourteenth Amendment rights. He also brings state law claims of premises liability, negligence, conspiracy, intentional infliction of emotional distress, and sexual assault. Presently before the court is PSU's motion to stay the proceedings until the pending criminal actions against Defendants Spanier, Curley, and Schultz have concluded. The motion is concurred in by Defendants Second Mile, Curley, Spanier, and Courtney. Defendant Edgewater Psychiatric Clinic filed a brief in opposition to the motion. Plaintiff

did not file a response to the motion within the required time, and thus he is deemed not to oppose the motion.  See L.R. 7.6.

*II.        Discussion*

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  Landis v. N. Am. Co., 299 U.S. 248, 254, 57 S. Ct. 153, 81 L. Ed. 153 (1936).  "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Id.

In deciding whether to stay a civil case pending the resolution of a related criminal case, courts consider many factors, including: (1) the extent to which the issues in the civil and criminal cases overlap; (2) the status of the criminal proceedings, including whether any defendants have been indicted; (3) the plaintiff's interests in expeditious civil proceedings weighed against the prejudice to the plaintiff caused by the delay; (4) the burden on the defendants; (5) the interests of the court; and (6) the public interest.  *In re Adelphia Communs. Secs. Litig.*, 2003 U.S. Dist. LEXIS 9736, 7-8, 2003 WL 22348819 (E.D. Pa. May 13, 2003) (Hutton, J.) (citing Walsh Securities, Inc. v. Cristo Prop. Magmt., Ltd., 7 F. Supp. 2d 523 (D.N.J. 1998).

*A. The Extent to Which the Issues in the Civil and Criminal Cases Overlap*

This factor is the most important threshold issue in determining whether to grant defendant's motion.  See State Farm Mut. Auto. Ins. Co. v. Beckham-Easley, 2002 U.S. Dist. LEXIS 17896, *4, 2002 WL 31111766 (E.D. Pa. Sept. 18, 2002) (Hutton, J.).

The moving Defendants argue that Plaintiff's complaint mirrors the criminal allegations pending against Defendants Spanier, Curley, and Schultz. We agree and find that this factor weighs in favor of a stay.[1]

### B. The Status of the Criminal Proceedings

Defendants Spanier, Curley, and Schultz have been indicted and are awaiting trial, which is expected to begin in 2014. "The strongest case for a stay of discovery in the civil case occurs during a criminal prosecution after an indictment is returned." Walsh Securities, 7 F. Supp. 2d at 527. After indictment, the potential for self-incrimination is high, and the burden of delay is lessened as a result of the Speedy Trial Act. See State Farm, 2002 U.S. Dist. LEXIS 17896, *4, 2002 WL 31111766. Thus, this factor weighs in favor of a stay.

### C. Edgewater's Interest in Expeditious Civil Proceedings Weighed Against the Prejudice Caused by the Delay

Edgewater argues that the allegations against it are severely damaging to its reputation, and a stay would prevent it from pursuing a prompt dismissal of the case.[2]

---

[1] Plaintiff alleges that "The defendants knew that Sandusky (a defendant here also) was molesting young boys and they ratified his misconduct by supporting him and giving him continuing access for years to PSU and Second Mile facilities and programs." (Doc. 1, ¶ 52). Plaintiff brings claims for violation of his due process, First Amendment, and Fourth Amendment rights as well as state law claims of premises liability, negligence, conspiracy, intentional infliction of emotional distress, and sexual assault. The criminal charges against Spanier, Curley, and Schultz include perjury, endangering the welfare of children, obstruction, conspiracy, and failure to properly report suspected child abuse.

[2] In support of its argument, Edgewater makes a passing reference to a single case involving the denial of a motion to stay proceedings, McQueary v. The

However, due to the requirements of the Speedy Trial Act, this burden is decreased. Id. As a result, we find that this factor weighs only slightly against a stay.

*D. The Burden on the Defendants in Both Criminal and Civil Actions*

If the present proceedings go forward, Defendants Spanier, Curley, and Schultz risk self-incrimination. Id. These Defendants may be forced to choose between invoking their Fifth Amendment right against self-incrimination, allowing the court or jury to draw adverse inferences, or exposing themselves to criminal liability. See Kaiser v. Stewart, 1997 U.S. Dist. LEXIS 1377, *9-10, 1997 WL 66186, *3 (E.D. Pa. Feb. 6, 1997) (Bartle, J.). Because we find this burden to be significant, this factor weighs in favor of a stay.

*E. The Interests of the Court*

The court has a strong interest in case management and judicial efficiency. "[I]f the indicted defendants assert [their Fifth Amendment] privilege throughout the litigation, then it will be difficult or impossible to fairly apportion liability because of the differing factual record among the defendants." In re Adelphia, 2003 U.S. Dist. LEXIS

---

Pennsylvania State University, Civ. No. 2012-1804 (December 19, 2012 Ct. Cm. Pleas Centre County). There, PSU sought to stay a civil suit against it until the criminal proceedings against Spanier, Schultz, and Curley were resolved. The court noted that Spanier, Schultz, and Curley were not defendants in the civil action, and there were not issues common to both the civil and criminal actions. The court also stressed that there were no legitimate self-incrimination concerns, and a criminal conviction would not lessen the burden of discovery on the civil plaintiffs.

The court's concerns in McQueary are inapplicable to the present case. Here, Spanier, Schultz, and Curley have been named as Defendants. The criminal and civil proceedings largely overlap. There are significant self-incrimination concerns. Under these circumstances, we do not find Edgewater's argument persuasive.

4

9736, 7-8, 2003 WL 22348819, *5. Additionally, criminal convictions may encourage settlement of civil lawsuits, eliminating the necessity of litigating certain issues. Id. We find that this factor weighs in favor of a stay.

### F. The interests of the Public

"While a civil litigant with a private dispute has an interest in the prompt disposition of his or her claims, the public has a greater interest in enforcement of the criminal law." Kaiser, 1997 U.S. Dist. LEXIS 1377, *12, 1997 WL 66186, *4. We do not find that the public interest is harmed by a stay, and thus this factor weighs in favor of a stay.

III. Conclusion

Having weighed the above factors, we will grant PSU's motion for a stay. We will issue an appropriate order.

/s/William W. Caldwell  
William W. Caldwell  
United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE,<br>　　Plaintiff<br><br>　　vs.<br><br>THE PENNSYLVANIA STATE<br>UNIVERSITY, *et al.*,<br>　　Defendants | CIVIL NO. 1:12-CV-2068 |

*O R D E R*

AND NOW, this 14th day of February, 2013, upon consideration of Pennsylvania State University's motion to stay (doc. 24), and Edgewater Psychiatric Center's response thereto, and pursuant to the accompanying memorandum, it is ordered that said motion is GRANTED.

　　　　　　　　　　　　　　　　　/s/William W. Caldwell
　　　　　　　　　　　　　　　　　William W. Caldwell
　　　　　　　　　　　　　　　　　United States District Judge