**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN DOE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | NO. 4:12-cv-02068-WWC |
| THE PENNSYLVANIA STATE | : | |
| UNIVERSITY et al., | : | (Judge William W. Caldwell) |
| | : | |
| Defendants. | : | |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT**
**MCQUAIDE BLASKO'S MOTION TO DISMISS THE COMPLAINT**

In its memorandum in support of its motion to dismiss the complaint, McQuaide Blasko set forth the governing legal standards and described how the complaint is devoid of any factual allegations that could survive dismissal. In its opposition, plaintiff responds with eleven pages of irrelevant nonsense, going off on tangents that include plaintiff's counsel's ruminations on his long ago political career. Tellingly, the opposition *does not contain a single citation to the complaint itself*. And for good reason: there is nothing in the complaint that even comes close to sustaining the claims against McQuaide Blasko. The complaint should be dismissed with prejudice.

I.  **Count I Should Be Dismissed Because McQuaide Blasko Is Not A "State Actor."**

Plaintiff's response[1] to McQuaide Blasko's "state action" argument consists of a grand total of one sentence. That sentence, its original form, is as follows: "[c]learly, under any theory of 'state action' or 'acting under color of state law' the defendant McQuaide Blasko is cloaked with ago assumed the power and authority of the state by virtue of its relationship with the Pennsylvania State University." Plaintiff's Brief in Opposition to Defendant McQuaide Blasko's Motion to Dismiss ("Pl.'s Brief"), at 5. Who knows what that means. But what is clear is that the complaint lacks any factual allegations that McQuaide Blasko functioned as a state official, engaged in action that is chargeable to the state or otherwise conspired with a state official. *See* Memorandum in Support of Defendant McQuaide Blasko's Motion to Dismiss the Complaint ("Def.'s Memo"), at 3-5.

Moreover, plaintiff's complaint and his opposition rest on the flawed contention that the firm is a state actor simply because it represented the University. *See* Pl.'s Brief at 5; *see also* Compl. ¶ 12 (McQuaide Blasko "represents the Pennsylvania State University"). It is well-settled, however, that a

---

[1] On January 2, 2013, the Court granted plaintiff's motion for an extension to file a response to McQuaide Blasko's motion to dismiss until January 31, 2013. It is worth noting that plaintiff failed to comply with this deadline and filed his response out of time on February 2, 2013. Additionally, plaintiff's response does not comport with L.R. 5.1, which requires all documents filed with the Court to use 14 point word processing.

law firm does not become a state actor simply because it represents a government entity.  *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981).

## II. Count I Should Also Be Dismissed Because Plaintiff Fails To State Any Plausible Claims.

Even if McQuaide Blasko were a state actor – which it is not – Count I still could not survive because it does not allege any plausible constitutional claims.  As an initial matter, plaintiff offers no response at all to McQuaide Blasko's argument that the complaint fails to state a First Amendment claim.  *See* Def.'s Memo at 6-7.  As a practical matter, then, the firm's argument is unopposed and the First Amendment claim in Count I should be dismissed.

Regarding the Fourth and Fourteenth Amendment claims, plaintiff baldly states that "[i]t cannot be questioned" and that it is "obvious" that he suffered a violation of his rights to "privacy" and "bodily integrity."  Pl.'s Brief at 6.  Plaintiff's opposition, however, just like his complaint, fails to explain how the firm is responsible for any such injury.  Further, plaintiff completely ignores McQuaide Blasko's argument under the state-created danger theory.  *See* Def.'s Memo at 9-11.  There are no facts pled in the complaint (or referenced in plaintiff's opposition) demonstrating: (1) that McQuaide Blasko had knowledge that Mr. Sandusky would cause harm to this particular plaintiff, (2) that the firm acted in a way that "shock[s] the conscience," (3) that the firm had a relationship with the plaintiff such that he was a foreseeable victim, and (4) that the firm

3

affirmatively exercised its authority to cause harm. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 235 (3d Cir. 2008). Thus, the Fourth and Fourteenth Amendment claims in Count I should be dismissed.

### III. The Court Should Decline To Exercise Supplemental Jurisdiction Over Plaintiff's State Law Claims.

Because Count I should be dismissed, the only remaining claims are rooted in state law. The Court should decline to exercise supplemental jurisdiction over those claims and dismiss the complaint against McQuaide Blasko in its entirety. Plaintiff asks the Court to exercise supplemental jurisdiction because of the supposed "commonality of facts" between the state law and constitutional claims. Pl.'s Brief at 8. But under 28 U.S.C. § 1367(c), a district court *must* decline to exercise supplemental jurisdiction over related state law claims, notwithstanding their factual similarity to the underlying federal claims, "'unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'" *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995). None of those considerations would justify supplemental jurisdiction here and, accordingly, plaintiff does not even mention them at all.

## IV. The State Law Claims in Counts II, III and IV Should Also Be Dismissed For Failure To State A Plausible Claim.

Even if the Court were to exercise supplemental jurisdiction over the state law claims against McQuaide Blasko, those claims should be dismissed for failure to state a plausible claim. First, plaintiff concedes that McQuaide Blasko is not liable for premises liability, so Count II must be dismissed. Pl.'s Brief at 8. Next, regarding Counts III (sexual and simple assault) and IV (negligence),[2] plaintiff erroneously states that McQuaide Blasko's arguments are based on the view that the firm "must be in some sort of privity, or direct contact, or closeness to Sandusky's victims . . . in order to be liable." *Id.*

In fact, the basis of McQuaide Blasko's negligence argument is the well-known tort law principle of duty. Pennsylvania law imposes no duty to control the conduct of a third party (like Mr. Sandusky) where, as here, the defendant has no relationship to the intended victim and no special relationship with the person whose conduct needs to be controlled. *Emerich v. Phila. Ctr. for Human Dev., Inc.*, 720 A.2d 1032, 1036 (Pa. 1998). Plaintiff's assault claim should also be dismissed because plaintiff alleges no facts demonstrating that the firm acted in a manner intending to cause Mr. Sandusky to touch plaintiff. *See* Def.'s Memo at 13-14.

---

[2] Plaintiff incorrectly (and confusingly) refers to these as Counts V and VI. Pl.'s Brief at 8.

5

For all of these reasons, as well as the reasons expressed in its motion to dismiss the complaint and supporting memorandum of law, McQuaide Blasko respectfully requests that the Court grant its motion and dismiss plaintiff's complaint with prejudice.

Dated:  February 20, 2013

Respectfully submitted,

/s/ William M. McSwain
William M. McSwain (PA 86499)
Jennifer E. Burke (PA 309164)
DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Phone:  (215) 988-2700
Facsimile:  (215) 988-2757
E-mail:  william.mcswain@dbr.com;
jennifer.burke@dbr.com

Attorneys for Defendant McQuaide Blasko

**CERTIFICATE OF SERVICE**

I, Jennifer E. Burke, hereby certify that on this 20th day of February, 2013, a true and correct copy of the foregoing Reply Memorandum in Support of Defendant McQuaide Blasko's Motion to Dismiss the Complaint has been filed electronically using the Court's Electronic Case Filing ("ECF") System. The document is available for viewing and downloading from the Court's ECF System.

Dated: February 20, 2013                    /s/ Jennifer E. Burke